IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD RAY WILLIAMS, | ) |
| Plaintiff(s), | ) No C 07-2808 VRW (PR) |
| vs | ) ORDER OF DISMISSAL |
| ROBERT W WEIR, Judge, | ) (Doc # 2) |
| Defendant(s). | ) |

Plaintiff, a prisoner at Pelican Bay State Prison ("PBSP"), has filed a pro se civil rights complaint for damages under 42 USC § 1983 alleging that Del Norte County Superior Court Judge Robert W Weir improperly denied plaintiff's state habeas petition.

Plaintiff seeks to proceed in forma pauperis under 28 USC § 1915.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 USC § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v Pacifica Police Dep't, 901 F2d 696, 699 (9th Cir 1990).

1       To state a claim under 42 USC § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>West v Atkins</u>, 487 US 42, 48 (1988).

B.    <u>Legal Claims</u>

      Plaintiff's allegations are dismissed under the authority of § 1915A(b) because it is well-established that a state judge is absolutely immune from civil liability for damages under § 1983 for acts performed in his judicial capacity. See <u>Pierson v Ray</u>, 386 US 547, 553-55 (1967). And to whatever extent plaintiff seeks injunctive relief, § 1983 itself makes clear that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 USC § 1983.

## CONCLUSION

      For the foregoing reasons, plaintiff's request to proceed in forma pauperis (doc # 2) is DENIED and the complaint is DISMISSED under that authority of 28 USC § 1915A(b).

      The clerk enter judgment in accordance with this order, terminate all pending motions as moot, and close the file. No fee is due.

      SO ORDERED.

_____
VAUGHN R WALKER
United States District Chief Judge

2